IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
AFFORDABLE HOUSING MISSISSIPPI LLC            CHAPTER 11
    Debtor                                        CASE NO. 10-14827-DWH

---

AFFORDABLE HOUSING MISSISSIPPI LLC
and NOXAPATER ELDERLY APARTMENTS LLC          PLAINTIFFS

VS.                          ADVERSARY PROCEEDING NO. _____

COMMUNITY SPIRIT BANK                         DEFENDANT

## COMPLAINT

COME NOW Affordable Housing Mississippi LLC ("AHM") and Noxapater Elderly Apartments LLC ("NEA") (collectively, "Plaintiffs") and sue the defendant, Community Spirit Bank (the "Bank") and in support thereof would respectfully show as follows, to-wit:

1. Plaintiff AHM is a Chapter 11 debtor-in-possession in this Honorable Court, having filed its voluntary petition pursuant to Chapter 11 on the 4th day of October, 2010. It is in possession and control of its assets and is operating its business as a debtor-in-possession. It is a corporation organized and existing under and by virtue of the laws of the State of Mississippi.

2. Plaintiff NEA is a limited liability company organized and existing under and by virtue of the laws of the State of Mississippi.

3. The Bank is a national banking institution that is qualified to do, and is doing, business in the State of Mississippi.

## Jurisdiction

4. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

## Background

5. Prior to the filing of the Petition herein, AHM, on information and belief, executed a promissory note in favor of the Bank for a sum certain of money, and promised to repay the Bank in agreed upon installments.

6. NEA, a wholly owned subsidiary of AHM, but a separate and distinct limited liability company, purportedly granted a lien, in the form of a deed of trust, to the Bank, allegedly securing the Bank indebtedness owed by AHM by purportedly granting the Bank a mortgage upon real property owned by NEA.

7. The real property upon which NEA purportedly granted the Bank a mortgage is an apartment complex located in Noxapater, Mississippi. In the ordinary course of business, AHM not only manages the apartment complex owned by NEA, it also regularly manages and operates a number of other apartment complexes owned by other subsidiaries that are separate corporations or limited liability companies.

8. The rents that are generated by these apartment complexes (including the one at issue here owned by NEA) are co-mingled by AHM and utilized to pay a number of common expenses incurred by AHM for the mutual benefit of AHM, NEA and other related entities.

9. Upon information and belief, the transaction whereby NEA pledged its real property as collateral is void in that NEA owes the Bank no money or any other obligation to support collateralization of its real estate. This allegation is made on information and belief because counsel

for AHM has not yet been furnished with the loan documents from the Bank transaction with AHM/NEA.

## COUNT I

10. Plaintiffs reallege all prior paragraphs and incorporate the same herein by reference.

11. The cash flow generated by NEA is an integral part of the AHM operations, in AHM's ordinary course of business and, accordingly, that cash flow is at the heart of AHM's reorganization case. If AHM is deprived of that particular stream of cash flow (and similar cash flow from other related entities, the AHM case may very well fail from the beginning.

12. In addition, the equity security holder of NEA is AHM. Thus, the loss of NEA assets, through the Bank foreclosure, will not only reduce a steady stream of cash flow for AHM, it will reduce and eliminate what AHM believes is its substantial equity in connection with the NEA assets.

13. In the event the Bank is allowed to foreclose upon NEA, irreparable injury will occur to AHM, and its creditors, because of the loss of substantial equity in the NEA asset and the steady cash flow generated thereby.

14. AHM has offered, and will continue to offer, to abide by such orders as this Honorable Court enters with respect to the NEA asset, such as issues concerning adequate protection, repair and maintenance, payment of taxes, etc., the same as if NEA was itself a "direct" Chapter 11 debtor.

15. However, in the interests of judicial economy, overall economies of scale, reduction of costs and fees and ease of administration, the most efficient procedure is for the Court to enjoin any further prosecution of the foreclosure by the Bank, pending the administration of this case, the providing of adequate protection to the Bank (if it is a secured creditor) and other routine, Chapter

11 administrative issues and matters, culminating with whatever exit strategy the Court may approve with respect to the AHM business and the NEA asset.

16. Accordingly, cause exists for the Court to enjoin the pending foreclosure prosecuted by the Bank against NEA. In order to protect equity security interests held by debtors in non-debtor entities, bankruptcy courts have either extended the automatic stay protection to those non-debtor assets and/or have enjoined foreclosure or other collection proceedings to preserve the asset for the benefit of the bankruptcy estate.

17. Here, irreparable injury will occur if the foreclosure is allowed to be prosecuted to completion; Plaintiffs have no adequate remedy at law to protect the real property assets of NEA and its steady cash flow; the public interest would be served by preserving the asset of a Chapter 11 debtor for the benefit of all of its creditors and parties-in-interest, and, in addition, the tenants of the NEA property shall best be served by a continuation in management by AHM of the apartment complex; and, when balancing the harm, if any (the existence of which is denied by the Plaintiffs) to the Bank, compared with the devastating loss to NEA and AHM, it is clear that AHM will suffer the most damage and detriment in the absence of injunctive relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon a preliminary, and then a final, hearing hereof, this Honorable Court will enjoin the foreclosure of the NEA property.

## COUNT II

18. Plaintiffs reallege all prior paragraphs and incorporate the same herein by reference.

19. As alleged, upon information and belief, the grant of collateral by NEA to the Bank is void, because NEA granted the Bank a security interest in real estate, despite the fact that NEA does not owe the Bank anything.

20. In the absence of an underlying debt obligation flowing from NEA to the Bank, the grant of the security interest lacks consideration and is otherwise void.

21. There is an actual and open controversy that exists between the Bank and NEA (as well as AHM) with respect to the effectiveness of the grant of collateral from NEA to the Bank. The controversy currently exists, it is not moot and is unlikely to become moot at any time prior to the adjudication of the respective interests of the parties by the Court.

22. Accordingly, with the Bank taking the position that it has a valid deed of trust on the one hand, and AHM/NEA taking the position that the Bank has no valid security interest on the other hand, this controversy is ripe for a declaration of rights, duties and obligations by, between and among the Bank, AHM and NEA.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon a hearing hereof, this Honorable Court will order, adjudicate and declare that the grant of a mortgage by NEA upon its property to the Bank is void. Plaintiffs pray for general relief.

THIS, the 27th day of December, 2010.

Respectfully submitted,

AFFORDABLE HOUSING MISSISSIPPI LLC and
NOXAPATER ELDERLY APARTMENTS LLC

By Their Attorneys,

HARRIS JERNIGAN & GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq. - MSB No. 4793
Jeffrey K. Tyree, Esq. - MSB No. 9049
Melanie T. Vardaman, Esq. - MSB No. 100392
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Affordable Housing MS\Adversary\Community Spirit Bank\Complaint.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing to the following:

Margaret Middleton, Esq.
Office of the United States Trustee
Margaret.Middleton@usdoj.gov

Derek A. Henderson, Esq.
d_henderson@bellsouth.net

THIS, the 27th day of December, 2010.

_____
Craig M. Geno